UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910<br><br>*Plaintiff,*<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY 1200 Pennsylvania Avenue NW, Washington, DC 20004<br><br>*Defendant.* | CIVIL ACTION NO. 22-14<br><br>COMPLAINT |

PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Environmental Protection Agency ("EPA" or "Defendant") to disclose documents requested pursuant to FOIA. Specifically, PEER is seeking documents related to EPA's treatment of reports submitted to the agency pursuant to the Toxic Substances Control Act's (TSCA), 15 U.S.C. § 2601, *et seq.*, as amended, Section 8(e) (8(e) reports) since the beginning of 2019.

2. PEER submitted a FOIA request in November 2021 seeking records demonstrating how EPA deals with 8(e) reports. PEER has requested both 8(e) reports submitted to EPA and internal policies regarding publicly posting and using 8(e) reports. PEER's FOIA request built upon information reported in a November 2021 article in *The Intercept* noting that EPA had only posted one 8(e) report publicly since 2019 and describing disagreement over how the EPA processes 8(e) reports internally.

3. To date, Defendant has failed to make a final determination on Plaintiff's FOIA request or to disclose to the Plaintiff all the requested documents within the time stipulated under FOIA. This complaint seeks to remedy EPA's failure to respond to a routine request within the mandated time period.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

9. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

10. Defendant EPA is an agency of the United States under 5 U.S.C. § 552(f)(1).

11. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. Defendant's refusal to provide the Plaintiff with the records requested or make a final a determination on Plaintiff's FOIA request within 20 working days of the date of the request's submission is a violation of FOIA.

## STATEMENT OF FACTS

12. Since 1976 TSCA has required that:

> Any person who manufactures, processes, or distributes in commerce a chemical substance or mixture and who obtains information which reasonably supports the conclusion that such substance or mixture presents a

>    substantial risk of injury to health or the environment shall immediately inform the [EPA] Administrator of such information unless such person has actual knowledge that the Administrator has been adequately informed of such information.

15 U.S.C. § 2607(e). The EPA's Office of Pollution Prevention and Toxics (OPPT) is responsible for overseeing this section of the TSCA, known as TSCA Section 8(e). *See* EPA, TSCA SECTION 8(E) REPORTING GUIDE (June 1991), https://www.epa.gov/sites/default/files/2015-09/documents/1991guidance.pdf (describing reporting to EPA office preceding OPPT's formation).

13. On November 1, 2021, an article in the online publication *The Intercept* revealed that "Since January 2019, the EPA has received at least 1,240 reports documenting the risk of chemicals' serious harms, including eye corrosion, damage to the brain and nervous system, chronic toxicity to honeybees, and cancer in both people and animals." However, the article asserted that EPA had only published one such 8(e) report publicly in the same time period. The article also noted that there was a difference in how some EPA staff said 8(e) reports were reviewed (quoting one staff member saying "A lot of them do just get filed away.") and the official position of EPA spokespeople, who suggested that 8(e) reports are always carefully reviewed and considered. *See* Sharon Lerner, *EPA Withheld Reports of Substantial Risk Posed by 1,240 Chemicals*, THE INTERCEPT, Nov. 1, 2021, https://theintercept.com/2021/11/01/epa-toxic-chemicals-reports-withheld/.

14. On November 19, 2021, PEER submitted a FOIA request to EPA seeking "information concerning the treatment of these 8(e) reports from the period of January 1, 2019 to present." Specifically, PEER requested:

> 1) Documents indicating who made the decision, as well as the rationale for the decision, to stop posting the 8(e) submissions;
>
> 2) Current guidance (if any) as to specifically whether and/or how 8(e) submissions are supposed to be used by EPA staff in assembling new chemical assessments under TSCA[;]
>
> 3) Records reflecting the current EPA practice with respect to posting 8(e) submissions on Chem View or other publicly accessible database, including whether the practice of posting is now prospective only or will be retroactive back to January 2019. If a decision has been made after November 1, 2021 to resume posting these submissions, please include records reflecting that decision and the rationale for that decision;
>
> 4) Any analysis prior to 2019 concerning the value to the TSCA risk assessment for chemicals of posting the 8(e) submissions; and
>
> 5) A copy of every 8(e) submission that has been filed with EPA since January 2019 to present.

15. The same day it was submitted, EPA assigned this FOIA request tracking number EPA-2022-001075.

16. On November 22, 2021, EPA approved PEER's request for a FOIA fee waiver, acknowledging that PEER had a non-commercial public interest in the records requested, and therefore finding that PEER would not need to pay any costs for production of the records.

17. On December 3, 2021, EPA FOIA staff made an initial response to PEER stating that: "I estimate that the total cost to process your FOIA request will not exceed $25; since you have agreed to pay this amount, I am processing your request."

18. In the same communication, however, EPA FOIA staff asserted "The amount of time to complete the review and removal of FOIA exemptions will greatly exceed the 20 day response time period under EFOIA due to a limitation of resources to complete the request."

19. On December 3, 2021, PEER staff responded to EPA FOIA staff to try to better understand what "greatly exceed" meant in the context of EPA's ability to meet the statutory deadline. PEER also sought more clarity on why EPA would expect a delay for a FOIA request that covered a limited number of documents during a short time frame, which would have cost less than $25 in administrative costs if not for the granted fee waiver. EPA FOIA staff did not respond to these requests for clarification.

20. Since the request was submitted, PEER has yet to receive any responsive records or a final determination on EPA-2022-001075.

## CAUSE OF ACTION

21. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

22. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

23. FOIA obligates agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

24. Twenty working days from November 19, 2021, was December 9, 2021.

25. As of the date of this filing, Plaintiff has not received a final determination on its FOIA request.

26. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its November 19, 2021, FOIA request, PEER now

turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

27. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding EPA actions and policies concerning 8(e) reports.

28. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

29. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

   i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

  ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

 iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

  iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.   Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on January 4, 2022,

      /s/ Hudson Kingston
Hudson B. Kingston, DC Bar # 1007702

Kevin H. Bell
NY Bar No. 5448626 (pending local admission)
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
*Attorneys for Plaintiff*